**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: <br><br> DAIRY GROUP, INC. <br><br> **DEBTOR** | CASE NO. 10-09594 BKT <br><br> CHAPTER 12 |
| IN RE: <br><br> PEDRO I. VELEZ CABRERA <br><br> **DEBTORS** | CASE NO. 10-09595 BKT <br><br> CHAPTER 12 |

**MOTION REQUESTING SUBSTANTIVE CONSOLIDATION**

**TO THE HONORABLE COURT:**

**COME NOW** Debtors through the undersigned attorney and respectfully request and pray for the following:

1. On October 13, 2010 Debtors Dairy Group, Inc. and; Pedro I. Velez Cabrera, filed voluntary petitions for relief pursuant chapter 12 of the Bankruptcy Code, 11 U.S.C. §1201 et.seq.

2. Debtor, Dairy Group, Inc. is a corporation dedicated to the operation of a milk farm since the year 2003.

3. Debtor Pedro I. Velez Cabrera is the sole owner of Dairy Group, Inc. He also functions as the official of the corporation and is in charge of its daily operations.

4. Debtors request through this motion the substantive consolidation of all the above mentioned cases and state the reasons as to why the consolidation of the cases will benefit creditors and parties in interest.

5. Substantive consolidation consists of consolidation of the assets and liabilities of

different legal entities "as if the assets were held by and the liabilities were owed by a single legal entity". 2-105 *Collier on Bankruptcy 15th Edition* Rev. P 105.09.

6. Furthermore, substantive consolidation serves as a mechanism for the administration "of the bankruptcy estates of multiple, related entities". In re Babcock & Wilcox Co., 250 F.3d 955, 958-959 (5th Cir. La. 2001), *FDIC v. Colonial Realty Co.*, 966 F.2d 57, 58-59 (2d Cir. Conn. 1992), citations omitted.

7. The power of the bankruptcy court to order the substantive consolidation of the estates of two separate entities arises from the broad powers conferred by section 105 of the Bankruptcy Code, *supra*. *In re Smith and Kourian*, 216 B.R. 686, 687 (B.A.P. 1st Cir. 1997).

8. In order to consolidate estates from different entities the court must determine if: (1) there is substantial identity between the entities to be consolidated; and (2) the consolidation of the estates will benefit the parties in interest and no harm is been produced to any party in interest. *In re Reider*, 31 F.3d 1102, 1108 (11th Cir. Ga. 1994).

9. For all purposes Debtors are a single economic entity, and the substantive consolidation of Debtors' estates pursuant 11 U.S.C. §105, will be to their benefit and that of their creditors.

10. Debtors have the following common factors:
    a. Debtors have a unity of interests,
    b. Debtor Pedro I. Velez Cabrera is the sole owner of Dairy Group, Inc.
    c. Debtor Pedro I. Velez Cabrera Matos is personally liable as guarantor of Dairy Group, Inc.'s debts,

d. Debtors operate as a single entity,

   e. The consolidation of the above mentioned cases will result in savings in costs and time eliminating duplication of the adjudication of the common subjects,

   f. Debtors and their creditors will benefit of the consolidation of both cases.

11. Debtors understand that the consolidation of the above mentioned cases will be in their best interests and that of their creditors since the consolidation of the same will allow them to operate in accordance to their shared interests, will reduce costs and save time.

12. Debtors respectfully request through this motion the substantive consolidation of the cases, into the leading case 10-09594 BKT-12 Dairy Group, Inc.

**WHEREFORE,** Debtors request and pray for an order granting this motion with any other procedure that in accordance to law this Honorable Court deems just and proper.

### NOTICE

**You are hereby notified of the filing of this <u>Motion Requesting Substantive Consolidation</u> filed by Debtor. If within twenty one (21) days after service as evidenced by this certification, and an addition three (3) days if you were served by mail pursuant to F.R.B.P. 9006(f), any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, must serve and file an objection or the appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the stipulation will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law, (II) the requested relief is against public policy, (III) in the opinion of the Court the interests of justice requires otherwise. Untimely objections should be denied.**

**RESPECTFULLY SUBMITTED.**

**I CERTIFY:** That a copy of this document has been electronically filed with the Clerk of the Bankruptcy Court using CM/ECF and a copy of the same forwarded to the United States Trustee and to all parties in interest.

In Caguas, Puerto Rico, this 15th day of October of 2010.

**VICTOR GRATACOS DIAZ LAW OFFICE**
PO BOX 7571
CAGUAS, PUERTO RICO 00726
PHONE: (787) 746-4772 & FAX: (787) 746-3633
By: /s/ Víctor Gratacós-Díaz (127906)

**Isa M. Gratacós- Padró**
/s/  Isa M. Gratacós- Padró (221209)